# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>              Plaintiff,<br><br>    v.<br><br>R. DIAZ,<br><br>              Defendant.<br>_____/ | CASE NO. 1:11-cv-01993-SKO PC<br><br>ORDER DISMISSING CLAIMS AGAINST STAFF AT CSP-LANCASTER WITHOUT PREJUDICE FOR IMPROPER VENUE, DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 AGAINST DEFENDANT DIAZ, AND DENYING MOTIONS AS MOOT<br><br>(Docs. 9-11)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.      Dismissal of Claims Against Staff at CSP-Lancaster**

      Plaintiff Marlon Blacher, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 2, 2011.  On June 22, 2012, Plaintiff filed an amended complaint as a matter of right.  Fed. R. Civ. P. 15(a).

      Plaintiff's amended his complaint to add claims against staff at California State Prison-Lancaster, where he is currently incarcerated.  Venue for Plaintiff's new claims is proper in the Central District of California, see Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance), and they are not related to Plaintiff's claim against Defendant Diaz arising out of an event at California State Prison-Corcoran, George v. Smith,

507 F.3d 605, 607 (7th Cir. 2007) (citing Fed. R. Civ. P. 18(a)).[1]  Accordingly, Plaintiff's claims against staff at CSP-Lancaster are dismissed, without prejudice, for improper venue.

## II.   Claim Against Defendant Diaz

### A.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of

---

[1] "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing Fed. R. Civ. P. 18(a)).

misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### B. Plaintiff's Claim

Plaintiff seeks to impose liability on R. Diaz, Chief Deputy Warden at CSP-Corcoran, for denying Plaintiff's inmate appeal on June 23, 2011. The decision in question, which was attached to the original complaint and of which the Court takes judicial notice, denied Plaintiff's appeal at the second level of review and also informed Plaintiff that his appeal was reviewed by the Hiring Authority for consideration of processing as a staff complaint, but it was determined that it did not rise to the level of a staff complaint and would be processed as a program appeal.[2]

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. The Due Process Clause protects against the deprivation of liberty without due process of law, and in order to invoke the protection of the Due Process Clause, Plaintiff must first establish the existence of a liberty interest for which the protection is sought. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Liberty interests may arise from the Due Process Clause itself or from state law. Id. Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a due process claim. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff may not pursue a claim against Defendant Diaz based either on Defendant's second-level decision denying the appeal and informing Plaintiff of the decision to classify it as a program appeal or on any other general deficiencies in the appeals process. Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640. Plaintiff's claim cannot be

---

[2] The Court takes judicial notice of court record page 14, exhibit A to the original complaint.

3

cured through amendment and therefore, this action is dismissed, with prejudice. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### III.  Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's claims against staff at CSP-Lancaster are dismissed, without prejudice, for improper venue;
2. This action is dismissed, with prejudice, for failure to state a claim upon which relief may be granted against Defendant Diaz;
3. Plaintiff's motions for preliminary injunctive relief, filed on June 22, 2012, and July 27, 2012, are denied as moot; and
4. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   September 23, 2012**           /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE