# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>    Plaintiff,<br><br>    v.<br><br>R. DIAZ,<br><br>    Defendant.<br>_____ / | CASE NO. 1:11-cv-01993-SKO PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Docs. 14) |

**I.    Procedural History**

Plaintiff Marlon Blacher, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 2, 2011. On June 22, 2012, Plaintiff filed an amended complaint as a matter of right, Fed. R. Civ. P. 15(a), and on September 24, 2012, the Court screened Plaintiff's amended complaint; dismissed Plaintiff's claims against staff at California State Prison-Lancaster, without prejudice, for improper venue; and dismissed Plaintiff's remaining claim against Defendant Diaz, with prejudice, for failure to state a claim, 28 U.S.C. § 1915A. Judgment was entered, and on October 9, 2012, Plaintiff filed a motion seeking to set aside the judgment.[1] Fed. R. Civ. P. 60(b)(6).

**II.    Legal Standard**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to

---

[1] Plaintiff incorrectly cites to Fed. R. Civ. P. 59(e), which governs motions to alter or amend judgment following trial. The Court shall treat the motion as brought pursuant to Fed. R. Civ. P. 60(b)(6), under which a party may seek relief from a judgment or order.

prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).

**III.    Ruling**

Plaintiff elected to file an amended complaint as a matter of right, and the amended complaint was screened by the Court. In the amended complaint, Plaintiff named four defendants, three of which are employed at CSP-Lancaster. The Court dismissed those claims, without prejudice, for improper venue. While Plaintiff disagrees, his mere disagreement is not grounds for reconsideration. Venue for claims against staff at CSP-Lancaster arising from conditions of confinement at CSP-Lancaster is proper in the Central District of California. Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff also disagrees with the determination that his allegations concerning the inmate appeals process do not give rise to a viable claim under section 1983. Again, Plaintiff's mere

1  disagreement is not grounds for reconsideration, and Plaintiff's position the State has in fact created
2  a liberty interest by virtue of establishing a grievance process is incorrect. <u>Ramirez v. Galaza</u>, 334
3  F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).

4      Finally, Plaintiff asserts that the Court erred in failing to address his claim regarding denial
5  of access to the law library.  Defendant Diaz's involvement in the events in question was limited to
6  addressing Plaintiff's inmate appeal complaining about lack of law library access, and the Court
7  addressed that issue in the screening order.  Defendant Diaz cannot be held liable for the actions of
8  subordinate employees and therefore, the Court's screening decision was appropriately limited to
9  discussing the basis of liability against Defendant Diaz: his involvement in resolving Plaintiff's
10 administrative appeal. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-77, 129 S.Ct. 1937 (2009); <u>Ewing v.</u>
11 <u>City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009).

12 **IV.**    **<u>Order</u>**

13     In conclusion, Plaintiff has not met his burden as the party moving for reconsideration, and
14 his motion is HEREBY DENIED, with prejudice.  Fed. R. Civ. P. 60(b)(6); Local Rule 230(j);
15 <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880; <u>Harvest</u>, 531 F.3d at 749; <u>Westlands Water Dist.</u>, 134
16 F.Supp.2d at 1131.  Further recourse, if any, must be sought from the appellate court.

19 IT IS SO ORDERED.

20 **Dated:   October 11, 2012**            **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE